UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE SEYMORE,

   Petitioner,

               CASE NO. 2:07-CV-15166
v.               JUDGE GEORGE CARAM STEEH
               MAGISTRATE JUDGE PAUL KOMIVES

MILLICENT WARREN

   Respondent.
_____/

## REPORT AND RECOMMENDATION ON RESPONDENT'S
## MOTION TO DISMISS (docket #9)

I. RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion to dismiss (docket #9).

II. REPORT:

A. *Procedural Background*

  Petitioner Tommie Seymore is a state prisoner, currently confined at the Thumb Correctional Facility Lapeer, Michigan. Petitioner is serving a sentence of life imprisonment imposed as a result of his 1990 state court convictions for first degree murder. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- Petitioner was convicted of first degree murder following a jury trial in the Wayne County Circuit Court. On December 20, 1990, the Court imposed its sentence.

- Petitioner appealed his conviction to the Michigan Court of Appeals. The court of appeals affirmed his conviction on August 4, 1994. *See People v. Seymore*, No. 137544 (Mich. Ct. App. Aug. 4, 1994)

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court. That application was denied on April 28, 1995. *See People v. Seymore*, 448 Mich. 920, 533 N.W.2d 590 (1995).

- On February 29, 1996, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.509. The parties dispute what happened to that motion. Respondent contends that the motion was withdrawn by petitioner sometime in 1996, while petitioner contends that the motion was held in abeyance by the trial court.

- On May 3, 2004, petitioner filed a new motion for relief from judgment in the trial court. The trial court denied the motion on July 14, 2004, and denied reconsideration on September 27, 2004.

- Petitioner sought leave to appeal in the Michigan Court of Appeals. The court of appeals denied petitioner's application on March 16, 2006. *See People v. Seymore*, No. 263724 (Mich. Ct. App. Mar. 16, 2006).

- Petitioner thereafter sought leave to appeal in the Michigan Supreme Court. That court denied petitioner's application on October 31, 2006. *See People v. Seymore*, 477 Mich. 906, 722 N.W.2d 827 (2006). The court denied petitioner's motion for reconsideration on January 29, 2007. *See People v. Seymore*, 477 Mich. 1008, 726 N.W.2d 49 (2007).

- Petitioner then filed a petition for a writ of *certiorari* in the United States Supreme Court. The Court denied the petition on October 1, 2007. *See Seymore v. Michigan*, 128 S. Ct. 62 (2007).

On November 30, 2007, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Respondent filed a motion to dismiss on June 11, 2008, arguing that petitioner's habeas application is untimely. Petitioner filed a response to the motion on July 29, 2008. For the reasons that follow, the Court should grant respondent's motion to dismiss.[2]

B.   *Timeliness of Petitioner's Habeas Application*

Respondent argues that petitioner's application is barred by the one-year statute of limitations

---

[1] Although petitioner's application is file-stamped December 6, 2007, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is dated November 30, 2007. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on November 30, 2007.

[2] Because resolution of respondent's motion requires the Court to consider matters outside the pleadings, specifically the state court records, I treat the motion as one for summary judgment. *See* FED. R. CIV. P. 12(d).

governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[3]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. The claims asserted in petitioner's habeas application do not implicate subparagraphs (B) through (D), and thus subparagraph (A) applies here. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

---

[3] The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

3

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, the Michigan Supreme Court denied petitioner's application for leave to appeal in connection with his direct appeal on April 28, 1995, and his conviction became final 90 days later when the time for seeking *certiorari* in the United States Supreme Court expired. Petitioner's conviction therefore became final prior to the April 24, 1996, enactment of the AEDPA limitations provision. Because petitioner's conviction became final prior to the adoption of the AEDPA, he had one year from the AEDPA's enactment in which to file a habeas petition. *See Brown v. O'Dea*, 187 F.3d 572, 576-77 (6th Cir. 1999); *Abreu v. Hoffman*, 82 F. Supp. 2d 749, 752 & n.2 (N.D. Ohio 2000); *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998) (Duggan, J.). Thus, the limitations began to run on April 24, 1996 and expired one year later, on April 24, 1997, absent any tolling. Because petitioner did not file his application until November 30, 2007, it is barred by the statute of limitations unless the limitations period was tolled for any reason.

Here, resolution of respondent's motion comes down to a proper resolution of the tolling issue

4

under § 2244(d)(2), which provides that the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" And a proper resolution of this issue comes down to a determination of which account of the post-conviction proceedings, petitioner's or respondent's, is accurate. It is clear that, under petitioner's account, petitioner's habeas application is timely. Under this account, the limitations period was tolled at the outset by petitioner's pending motion for relief from judgment filed in February 1996, and remained tolled until the Michigan Supreme Court denied his application for leave to appeal the trial court's denial of his 2004 motion for relief from judgment on January 29, 2007. Petitioner argues that during the time from 1996 to 2004 his motion for relief from judgment was merely held in abeyance. Under petitioner's version, no time elapsed off the limitations clock until January 29, 2007, and thus his filing of his petition 10 months later on November 30, 2007, was timely. Respondent, on the other hand, contends that petitioner had withdrawn his first motion in 1996, and that the 2004 motion constitutes a separate motion such that there was no pending state court motion during 1996-2004 interval which would toll the limitation clock. Thus, in respondent's view, the one year period expired before petitioner filed his second motion for relief from judgment on May 3, 2004, and because the filing of a postconviction motion does not restart the limitations clock, the latter proceeding has no tolling effect and petitioner's habeas application is untimely. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001) (Gadola, J.); *Neal v. Bock*, 137 F. Supp. 2d 879, 884 (E.D. Mich. 2001 (Lawson, J.).

The Court should conclude that the 1996 motion was withdrawn, and that petitioner's application is therefore untimely. A number of factors support this conclusion. First, in the appellate proceedings in connection with petitioner's 2004 motion, petitioner repeatedly states that the 1996

motion was withdrawn with the consent of the trial court. *See, e.g.*, Pro Per Application for Leave to App., in *People v. Seymore*, No. 131069 (Mich.), at 10. While this alone might not be sufficient to conclude that the motion was withdrawn, these statements are corroborated by the record. At a July 3, 1996, hearing on petitioner's first motion for relief from judgment, the trial judge did indicate that she was "holding on" to the motion to give petitioner's counsel a chance to re-notice the motion with additional issues. Contrary to petitioner's argument that the judge imposed no time limit, however, the transcript reflects that the judge unequivocally told counsel that he had two weeks in which to re-notice the motion. *See* Hr'g Tr., dated 7/3/96, at 16-17. Then, on September 27, 1996, the trial court entered an order titled "Defendant Returned to Other Jurisdiction," suggesting that the proceedings relating to the motion for relief from judgment were concluded. No further action appears on the docket until the May 3, 2004, filing of petitioner's second motion for relief from judgment. The only sensible conclusion that can be drawn from the facts that counsel did not comply with the two week deadline, that petitioner was released from the court's jurisdiction to return to prison, and that petitioner characterized the 1996 motion as having been withdrawn, is that the 1996 motion was in fact withdrawn. And because it was withdrawn, there was no state court postconviction motion which was "pending" under § 2244(d)(2) between 1996 and 2004. Thus, the limitations period expired prior to petitioner filing his 2004 motion for relief from judgment, and there was no time remaining on the limitations clock for that motion to toll. Accordingly, the Court should conclude that petitioner's application is untimely.

C.    *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion to dismiss and should dismiss the petition.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: October 16, 2008

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on October 16, 2008.

            s/Eddrey Butts
            Case Manager