UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE SEYMORE,

    PETITIONER,

                                  CASE NO. 2:07-CV-15166
                                  HON. GEORGE CARAM STEEH

v.

MILLICENT WARREN,

    RESPONDENT.
_____/

## ORDER ACCEPTING MAGISTRATE
## JUDGE'S REPORT AND RECOMMENDATION

This case involves petitioner Tommie Seymore's application for the writ of habeas corpus. Respondent Millicent Warren has filed a motion to dismiss on the grounds that the petition is barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d). Magistrate Judge Komives issued his report and recommendation recommending that respondent's motion to dismiss be granted. In doing so, he construed the respondent's motion to dismiss as a motion for summary judgment as he considered matters outside the pleadings. Seymore is serving a life sentence imposed as a result of his 1990 state court convictions for first degree murder. Petitioner timely filed his objections to the report and recommendation. The court has reviewed the file, record, and Magistrate Judge's report and recommendation, and for the reasons set forth below, accepts the Magistrate Judge's recommendation.

A judge of the court has authority to "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge," but "shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1)( C ).

Magistrate Judge Komives carefully discussed the timeliness of Seymore's writ of habeas corpus and concluded that the limitations period began to run on April 24, 1996 and expired one year later on April 24, 1997, absent any tolling.  This Court agrees with that analysis.  The only question remaining is whether the limitations period was tolled for any reason.  Under Seymore's account, his habeas application is timely.  He claims that the limitations period was tolled beginning when he timely filed a motion for relief from judgment in the state court in February, 1996, and remained tolled until the Michigan Supreme Court denied his application for leave to appeal the trial court's denial of his 2004 motion for relief from judgment on January 29, 2007.  Petitioner contends that from 1996 to 2004 his motion for relief from judgment was held in abeyance.  Under his version of the facts, no time elapsed off the limitations clock until January 29, 2007, and thus his filing of his petition ten months later on November 30, 2007 was timely.  Respondent, however, argues that petitioner withdrew the first motion in 1996, and that the 2004 motion constitutes a separate motion such that there was no pending state court motion during the 1996 to 2004 interval which would toll the limitations clock.

Magistrate Judge Komives properly concluded that petitioner withdrew his 1996 motion.   In doing so, Magistrate Judge Komives relies on petitioner's own statements that the motion was withdrawn with the consent of the trial court.   For example in his pro per application for leave to appeal, he stated, "Appellant eventually withdrew his motion before Judge Worthy reached a decision in 1996 with her consent."  (Doc. 12-25, p.10).  In his response to the respondent's motion to dismiss, Seymore argues that

he should not be bound by his admission that the motion was withdrawn because he is a pro se litigant and what he really meant to say is that the motion was held in abeyance.  Although Seymore is entitled to some deference based on his pro se status, his admission that he had withdrawn the motion is supported by the record.  In addition to Seymore's admission, Magistrate Judge Komives also relied on a July 3, 1996 hearing on petitioner's first motion for relief from judgment, in which the trial judge told petitioner's counsel that she was holding onto the motion to give him a chance to re-notice the motion with additional issues.  The transcript reflects and petitioner does not dispute that she gave counsel two weeks to renotice the motion.  There is no dispute that counsel failed to renotice it.

In his objections, petitioner argues that his failure to refile the motion within the two weeks allotted is of no significance since the court never formally denied his motion.  On September 27, 1996, the trial court entered an order titled "Defendant Returned to Other Jurisdiction" and Seymore was returned to prison from the Wayne County jail.  Magistrate Judge Komives concluded that this order "suggest[s] that the proceedings relating to the motion for relief from judgment were concluded."   Magistrate Judge Komives found that "the only sensible conclusion that can be drawn from the facts that counsel did not comply with the two week deadline, that petitioner was released from the court's jurisdiction to return to prison, and that petitioner characterized the 1996 motion as having been withdrawn, is that the 1996 motion was in fact withdrawn."  Seymore, on the other hand, contends that he requested to be returned to prison from the Wayne County jail because of the horrific housing conditions in the County Jail not because his motion for relief from judgment had been withdrawn.

3

Seymore argues that because the September 27, 1996 docket entry states, "Post Con, Bond Continued, Held," this means that his post conviction motion was being held in abeyance. He further alleges that at the September 27, 1996 hearing the court instructed him to "reprecipe" the brief and submit it, and that once it was received she would reschedule a court date. According to Seymore, no time limit was given at that time for the refiling of the motion. The September 27, 1996 transcript is not a part of the record before this Court. Seymore's contention that the trial judge gave him an open invitation to refile his post conviction motion at any time lacks merit. There is no dispute that he waited until 2004, namely eight years, from the time that his motion for relief from judgment was filed in 1996 until he filed his 2004 motion for relief from judgment. Petitioner's suggestion that the state court motion was held in abeyance from 1996 to 2004, while awaiting his refiling of the motion, stretches credility. Even if the trial judge had granted him additional time to file his motion without establishing a firm date for doing so, the time period would have to pass a reasonableness standard and petitioner's choice to wait eight years to do so was clearly at his own peril.

Magistrate Judge Komives properly concluded that Seymore withdrew his 1996 motion. That conclusion is supported by Seymore's own admissions and by the record in this case. Accordingly,

IT IS ORDERED that the Magistrate's Judge Komives' report and recommendation is accepted as the findings and conclusions of this court. IT IS

FURTHER ORDERED that respondent's motion to dismiss (Doc. 9) hereby is GRANTED.

Dated: January 20, 2009

                                         s/George Caram Steeh
                                         GEORGE CARAM STEEH
                                         UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 20, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---