UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE SEYMORE,

       Petitioner,

                                      CASE NO. 2:07-CV-15166
v.                                JUDGE GEORGE CARAM STEEH
                                      MAGISTRATE JUDGE PAUL J. KOMIVES

MILLICENT WARREN,

       Respondent.
_____/

**REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR RELIEF
FROM JUDGMENT (docket #18)**

I.      RECOMMENDATION: The Court should deny petitioner's motion for relief from judgment.

II.     REPORT:

A.     *Procedural History*

Petitioner Tommie Seymore, a state prisoner, filed a *pro se* application for the writ of habeas corpus on November 30, 2007, challenging his 1990 state court convictions for first degree murder. On October 16, 2008, I filed a Report recommending that the court grant respondent's motion to dismiss based on petitioner's failure to comply with the one year statute of limitations, 28 U.S.C. § 2244(d). The Court adopted the Report and dismissed the petition on January 20, 2009. On February 5, 2009, petitioner filed this motion for relief from judgment pursuant to FED. R. CIV. P. 60(b). For the reasons that follow, the Court should deny the motion.

B.     *Analysis*

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."

*Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Specifically, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  Notwithstanding Rule 60(b), the habeas statutes circumscribe the conditions under which a second or successive habeas petition may be considered.  In particular, a claim which has already been adjudicated on the merits must be dismissed, a new claim may not be considered unless it relies on either a new, retroactive rule of constitutional law or new facts demonstrating actual innocence, and a successive petition may not be filed in the district court until authorization is obtained from the court of appeals.  *See Gonzalez*, 545 U.S. at 529-30 (discussing 28 U.S.C. § 2244(b)(1)-(3)).  Rule 60(b) applies only to the extent that it is not inconsistent with these rules governing successive petitions.  *See id.* at 529 (citing Rule 11, 28 U.S.C. foll. § 2254).  Generally, a Rule 60(b) motion which seeks vindication of a substantive claim for relief will be considered a prohibited successive petition, *see id.* at 531-32, whereas "[t]hat is not the case . . . when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."  *Id.* at 532.  As the Court explained, "[i]f neither the motion itself nor the federal judgment from which it seeks relief addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules."  *Id.* at 533.

Here, petitioner's motion for relief from judgment is not the functional equivalent of a prohibited successive petition. He does not raise any claims attacking the underlying conviction or assert any new or already decided claims as a basis for habeas relief. Rather, petitioner attacks the Court's conclusion that the petition is barred by the statute of limitations. In *Gonzalez*, the Court explicitly found that a Rule 60(b) motion "which alleges that the federal courts misapplied the federal statute of limitations set out in § 2244(d)" does not constitute a successive petition. *Gonzalez*, 545 U.S. at 533. Thus, the only question is whether petitioner is entitled to relief under Rule 60(b). In support of his claim, petitioner relies on both paragraph (b)(4) and paragraph (b)(6).

Paragraph (b)(4) permits a court to grant relief from judgment if "the judgment is void." FED. R. CIV. P. 60(b)(4). Petitioner contends that his first habeas claim challenges the trial court's jurisdiction to rule on his state court motion for relief from judgment. Petitioner contends that because the state court judge had recused himself, he lacked jurisdiction to rule on the state court motion for relief from judgment and thus that judgment was void. However, for petitioner to obtain relief from this Court's judgment dismissing his habeas application, he must show that this Court's own judgment–that is, the one that he seeks relief from under Rule 60(b)(4)–is void. *See Board of Trustees, Sheet Metal Workers' National Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1034 (7th Cir. 2000) (Rule 60(b) motion may only be brought in court rendering judgment subject to attack); *Goodwin v. Home Buying Investment Co., Inc.*, 352 F. Supp. 413, 416 (D.D.C. 1973) (same). Petitioner makes no argument that this Court lacked jurisdiction to rule on his habeas application or that the Court's judgment dismissing the case on timeliness grounds is otherwise void. Thus, petitioner is not entitled to relief from this Court's judgment under Rule 60(b)(4).

In support of his claim, petitioner also relies on the catch-all provision found in Rule

3

60(b)(6). Specifically, petitioner contends that the Court did not fully consider the record in determining whether his initially filed motion for relief from judgment was withdrawn or remained pending from its initial filing in February 1996 through its refiling in May 2004. The Court should reject this argument.

Because "almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)[,] . . . courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008) (internal quotation omitted). Here, petitioner does not demonstrate any unusual or extreme circumstances justifying relief under Rule 60(b)(6). Petitioner contends that the Court did not read the transcripts upon which the Court based its decision. This statement is inaccurate. With respect to this issue, I explained in my Report:

> The Court should conclude that the 1996 motion was withdrawn, and that petitioner's application is therefore untimely. A number of factors support this conclusion. First, in the appellate proceedings in connection with petitioner's 2004 motion, petitioner repeatedly states that the 1996 motion was withdrawn with the consent of the trial court. *See, e.g.*, Pro Per Application for Leave to App., in *People v. Seymore*, No. 131069 (Mich.), at 10. While this alone might not be sufficient to conclude that the motion was withdrawn, these statements are corroborated by the record. At a July 3, 1996, hearing on petitioner's first motion for relief from judgment, the trial judge did indicate that she was "holding on" to the motion to give petitioner's counsel a chance to re-notice the motion with additional issues. Contrary to petitioner's argument that the judge imposed no time limit, however, the transcript reflects that the judge unequivocally told counsel that he had two weeks in which to re-notice the motion. *See* Hr'g Tr., dated 7/3/96, at 16-17. Then, on September 27, 1996, the trial court entered an order titled "Defendant Returned to Other Jurisdiction," suggesting that the proceedings relating to the motion for relief from judgment were concluded. No further action appears on the docket until the May 3, 2004, filing of petitioner's second motion for relief from judgment. The only sensible conclusion that can be drawn from the facts that counsel did not comply with the two week deadline, that petitioner was released from the court's jurisdiction to return to prison, and that petitioner characterized the 1996 motion as having been withdrawn, is that the 1996 motion was in fact withdrawn. And because it was withdrawn, there was no state court postconviction motion which was "pending"

4

>under § 2244(d)(2) between 1996 and 2004.  Thus, the limitations period expired prior to petitioner filing his 2004 motion for relief from judgment, and there was no time remaining on the limitations clock for that motion to toll.

R&R, at 5-6.  The Rule 5 materials submitted by respondent and addressed in my Report lead to the conclusion that petitioner's motion was withdrawn.  Specifically, petitioner himself characterized the motion as having been withdrawn and the docket contains no entries after September 27, 1996, indicating that defense counsel had complied with the court's instruction to refile the motion with the new issues.  Because the record before the Court is sufficient to answer the timeliness question, petitioner has failed to show any extraordinary circumstances justifying relief from the Court's judgment dismissing his case.

C.     *Conclusion*

In view of the foregoing, the Court should deny petitioner's motion for relief from judgment.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

    Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                       s/Paul J. Komives  
                                                     PAUL J. KOMIVES  
                                                     UNITED STATES MAGISTRATE JUDGE

Dated: 8/6/09

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail and on August 6, 2009.
>
>                             s/Eddrey Butts  
>                             Case Manager